IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DONALD S. MONOPOLI, LAURA E. MONOPOLI, and DON MONOPOLI PRODUCTIONS, INC., | ) ) ) ) | CIVIL ACTION FILE |
| Plaintiffs, | ) ) | NO. _____ |
| vs. | ) ) ) | |
| PINKFONG USA, INC., SMART STUDY CO., LTD., and SONY MUSIC PUBLISHING (US) LLC, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

<u>**VERIFIED COMPLAINT**</u>

Plaintiffs Donald S. Monopoli, Laura E. Monopoli, and Don Monopoli Productions, Inc. (the "Monopolis" or "Plaintiffs"), hereby make and file this Verified Complaint against Defendants Pinkfong USA, Inc. ("Pinkfong"), Smart Study Co., Ltd. ("Smart Study"), and Sony Music Publishing (US) LLC ("Sony") (collectively "Defendants"), asserting claims for copyright infringement, violation of the Lanham Act and common law trademark infringement. In support of this Verified Complaint, Plaintiffs respectfully show the Court as follows:

## I.  NATURE OF THE ACTION

1.  The Monopolis are recording and performing artists who have received international recognition as leaders in the children's educational music industry.  The Monopolis, who operate a business under the name The Learning Station, have established significant goodwill in this industry through a lengthy career of notable educational activities, with a particular emphasis on musical works for children.

2.  In 2011, the Monopolis created and recorded a song entitled "Baby Shark."  On November 2, 2011, they registered a copyright for the song with the United States Library of Congress.  That same year, in 2011, the Monopolis posted a YouTube video that contained, *inter alia*, a live recording of their "Baby Shark" song.  The Monopolis also engaged in substantial commercial activities related to their "Baby Shark" song, selling audio and video CDs and cassettes, as well selling downloads of the song on their website and performing the song at concerts and performances countless times over the proceeding years.  Over the years, the Monopolis' use of the "Baby Shark" name and song have also included holiday and special occasion versions, such as Baby Shark Circus, Baby Shark St. Patrick's Day, Baby Shark Winter, Baby Shark Summer, Baby Shark Autumn, Baby Shark Halloween, Baby Shark Valentine's Day, Baby Shark Thanksgiving, Baby Shark

Christmas, and Baby Shark Easter. The Monopolis' continuous use of the "Baby Shark" name for over a decade in interstate commerce has established substantial goodwill therein.

3.     In 2016, Defendant Smart Study formed Defendant Pinkfong as a wholly-owned subsidiary in California for, *inter alia*, the purpose of exploiting, without authorization, Plaintiffs' copyright and trademark rights in "Baby Shark" throughout the United States and the rest of the world. Among many other acts of infringement, shortly after it was formed, Defendant Pinkfong uploaded a video to YouTube of an unauthorized version of the "Baby Shark" song entitled "Baby Shark Dance" on June 17, 2016. This unauthorized video would eventually become the most viewed video in YouTube history with nearly 10 billion views to date.

4.     In November 2020, Pinkfong and its parent company, Smart Study, signed an agreement with Defendant Sony to publish Pinkfong's entire catalog of songs, including the unauthorized "Baby Shark" song. Under the terms of that agreement and otherwise, all three Defendants are now reproducing, distributing, performing, displaying and using infringing versions Plaintiffs' "Baby Shark" song and preparing derivative works thereof, without authorization, all the while improperly and illegally trading on Plaintiffs' goodwill in the Baby Shark name.

5.     Defendants' unauthorized and illegal actions of using the Monopolis'

"Baby Shark" song and the "Baby Shark" name, including, without limitation, by

reproducing, distributing, performing, displaying, using, and preparing derivative

works from Plaintiffs' "Baby Shark" song and using the "Baby Shark" name in

connection with audio and video recordings and related merchandise and services,

are both blatant and intentional and result in substantial consumer confusion.

Defendants' actions constitute both copyright infringement of Plaintiffs' federally-

registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et

seq.*, and trademark infringement and unfair competition in violation of the

Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, and the common law.

6.     As a result of the Defendants' blatant and willful infringement of

Plaintiffs' copyright and trademark, the Monopolis seek both monetary damages

and equitable relief.

II.    **THE PARTIES**

7.     The Monopolis are individuals who are residents and citizens of the

State of Florida.

8.     Don Monopoli Productions, Inc. ("DMP") is a Florida corporation

that is owned by Donald and Laura Monopoli.

9.     Defendant Smart Study Co., Ltd. is a Republic of Korea limited company with a principal place of business at 94, Myeongdal-ro, Seocho-gu, Seoul, Republic of Korea, 06668.

10.    Defendant Smart Study incorporated Defendant Pinkfong in 2016 as a wholly-owned subsidiary, creating it as a California corporation with a principal place of business in Los Angeles, California.  Pinkfong is an entertainment company that markets, reproduces, distributes, streams, and performs content targeted at young children.  Pinkfong's registered agent for service of process is Yeonbin Jeong, 1925 Century Park E, Suite 1700, Los Angeles, California 90067.

11.    Defendant Smart Study regularly conducts business throughout the United States, including by filing applications for and registering purported copyrights and trademarks and by regularly filing lawsuits in the federal courts of the United States seeking to enforce these various purported trademarks and copyrights.  For example, since 2019, Smart Study has filed federal lawsuits in California, New York, and Texas asserting various intellectual property claims it has obtained from the United States Patent and Trademark Office ("USPTO") and the Library of Congress.  While Defendant Smart Study regularly conducts business in the United States (and has made such representations to the U.S. government), it does not appear to be registered to do business in these same states.  As a result, Defendant Smart Study appears to be acting illegally and can be served through its

subsidiary Pinkfong or the Secretary of State of one of the many states in which it has conducted business.

12.     Sony is a Delaware limited liability company with a principal place of business in New York, New York.  Sony is the world's largest music publisher and is registered to do business in Tennessee, with a substantial presence in this District.  Sony can be served through its registered agent The Prentice-Hall Corporation System, Inc., 2908 Poston Ave., Nashville, TN 37203.

III.     **JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), because it raises claims pursuant to the Copyright Act of 1976 and the Lanham Act.  The Court has pendent jurisdiction over the remaining claims.

14.     This Court has personal jurisdiction over Defendants because of (1) their specific contacts with this jurisdiction related to the infringement of the "Baby Shark" copyright and trademark, and (2) their general, systematic, and continuous contacts with this jurisdiction.  Defendants regularly conduct, transact and/or solicit business in Tennessee, derive substantial revenue from their business transactions in Tennessee, or otherwise avail themselves of the privileges and protections of the laws of the State of Tennessee such that this Court's assertion of

jurisdiction over Defendants does not offend traditional notions of fair play and due process.

15.    As set forth in Paragraph 10 above, Defendant Smart Study has regularly filed lawsuits in the federal courts of the United States seeking to enforce various purported trademarks and copyrights.  As a result, Smart Study has purposefully availed itself of jurisdiction in the federal courts of the United States.

16.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a).

IV.    **FACTUAL ALLEGATIONS**

A. <u>THE MONOPOLIS</u>

17.    The Monopolis have been recording and performing artists in the children's educational music industry for 35 years, amassing a collection of 34 audio and video releases, many of which were award-winning, including over 400 children's songs that are part of educational curriculum world-wide.  Usually operating under The Learning Station name, they are recognized as international recording and performing artists.

18.    The Monopolis have an extensive background in musical education for children.  In fact, Laura Monopoli studied and earned an Associates Degree in

Science for Education from South Central Community College in New Haven, Connecticut in 1979 and spent a decade teaching children.

19.    The Monopolis have presented hundreds of keynote, feature, and workshop presentations and performed thousands of concerts across the nation. Their wholesome project is founded upon their campaign that promotes "Healthy Music for a Child's Heart, Body & Mind."

20.    The Monopolis have produced and recorded children's music releases for Conscious Discipline, Dr. Becky Bailey, KIDS FIRST/University of Arkansas for Medical Sciences, Kimbo Educational, and The Bureau for At Risk Youth.

21.    The Monopolis have received numerous honors, awards, and personal merit recognitions, including accolades from NAPPA, Parent's Council, NAEYC, Arnold Palmer's Children's Hospital, Special Olympics, Creative Child Magazine, Mom's Choice, Parents' Choice Approved, Children's Music Web, Dr. Toy, iParenting Media, and Directors' Choice.  They have also received awards from Academics Choice, Tilly Wig, Disney Interactive Media Group, the Midwest Book Review, TD Monthly, Early Childhood News, Reader Views, the Telly Award, and the National Parenting Publication.

22.     As a result of their tremendous body of work and professional recognition, the Monopolis have generated significant goodwill and become famous for their various works within the market for children's educational music.

B.     BABY SHARK

23.     In 2010 and 2011, the Monopolis created a song named "Baby Shark."  Plaintiffs' "Baby Shark" song is loosely based on a preexisting campfire chant.  The campfire chant had no music associated with it and generally involved graphic and violent themes.  The Monopolis created a new, original song that dramatically altered the chant to remove themes that involved dismemberment and death and replace them with child-friendly themes, as well as adding -- for the first time -- a catchy musical score that would appeal to children.

24.     The Monopolis then recorded the "Baby Shark" song and, on November 2, 2011, registered a copyright for the music and lyrics of the song as well as the sound recording.  A true and correct copy of this United States Copyright Registration, SR 687-007, is attached hereto as Exhibit A.

25.     The Monopolis first began commercializing the trademark "Baby Shark" in commerce on August 5, 2011.  They sold CDs, videos and audio cassettes of the "Baby Shark" song, as well as performing the song live in concerts and other performances countless of times over the proceeding years.  They also

uploaded videos of the song and related content on their website and uploaded videos of the song to YouTube. For example, a video of the Monopolis performing the "Baby Shark" song as a wish for a Make-A-Wish participant was uploaded to YouTube on April 22, 2012 and can be found at the following link: https://www.youtube.com/watch?v=I_znkPfq7RE&t=46s.

26.     Over the years, the Monopolis' use of the Baby Shark name and song also included holiday and special occasion versions such as Baby Shark Circus, Baby Shark St. Patrick's Day, Baby Shark Winter, Baby Shark Summer, Baby Shark Autumn, Baby Shark Halloween, Baby Shark Valentine's Day, Baby Shark Thanksgiving, Baby Shark Christmas, and Baby Shark Easter.

27.     The Monopolis engaged in extensive and continuous commercial use, advertising, and promotion of the Baby Shark name. As a result of these significant commercial activities, as well as the Monopolis' long-standing activities and fame in the field of educational music, the Monopolis have garnered substantial goodwill in the "Baby Shark" mark.

28.     In February 2019, the Monopolis sought to register a trademark for the Baby Shark name by filing with the USPTO an application -- Serial No. 88301251 -- claiming a first date of use of the Baby Shark name in interstate commerce at least as early as August 5, 2011. A true and correct copy of this application is attached hereto as Exhibit B. This trademark application was later assigned to DMP.

C.    DEFENDANTS' INFRINGING ACTIVITIES

29.    As noted above, Defendant Pinkfong uploaded an unauthorized video -- Pinkfong's "Baby Shark Dance" video -- to YouTube on June 17, 2016.  This unauthorized video can be found at the following link:

https://www.youtube.com/watch?v=XqZsoesa55w.

30.    Pinkfong's "Baby Shark Dance" video is the most viewed YouTube video of all time, amassing nearly ten billion views on YouTube.

31.    Before Defendant Pinkfong was incorporated, Defendant Smart Study also uploaded a much less heralded knock off version of the Monopolis' "Baby Shark" song in 2015.  Nevertheless, by 2016 both Defendant Smart Study and its subsidiary Defendant Pinkfong had begun reproducing, distributing, performing, displaying, using, and preparing derivative works of the Monopolis' work and advertising and selling related goods and services under the Baby Shark name.

32.    Plaintiffs' "Baby Shark" and Defendants Smart Study's and Pinkfong's unauthorized "Baby Shark" are strikingly similar, or virtually indistinguishable, in terms of the lyrics, themes and music.

33.    In addition to YouTube videos, Defendants Smart Study and Pinkfong use the "Baby Shark" song and name to advertise, market and sell related content

such as record sales, live shows, playlists, TV series, movies, mobile apps, and consumer products and services.

34.     Defendants Smart Study and Pinkfong, moreover, have also made numerous unauthorized derivative works utilizing the Baby Shark mark and premised on the Plaintiffs' copyrighted Baby Shark song.

35.     In January 2019, Defendant Smart Study, without notice to or the permission of the Monopolis, applied to register a trademark with the USPTO on the "Baby Shark" name despite the Monopolis' pre-existing and superior rights.  Upon information and belief, Defendant Smart Study was aware of the Monopolis' superior rights in the "Baby Shark" name, but falsely claimed not to have such knowledge in an attempt to convince the USPTO to register the trademark in its own name.  Defendant Smart Study's application, which in 2021 subsequentially became U.S. Registration Number 6,488,471, conflicts with the Monopolis' trademark rights in U.S. Trademark Application Serial No. 7,9253,035 and under common law.

36.     In an effort to wipe out the Monopolis' superior intellectual property rights, Defendants Smart Study and Pinkfong have recently acquired and filed numerous trademark and copyright applications, some of which have matured into actual registrations, related to the Baby Shark song and name.  These filings and acquisitions include, but are not limited to, the following:

U.S. Trademark No. 4,515,238

U.S. Trademark No. 5,803,108

U.S. Trademark No. 6,021,523

U.S. Trademark No. 6,337,210

U.S. Trademark No. 6,343,519

U.S. Trademark No. 6,488,471

U.S. Copyright No. SR 823-609

37.     On November 12, 2020, Defendant Sony announced that it had signed an agreement with Defendant Smart Study to publish Defendant Pinkfong's entire catalog of songs, including the unauthorized "Baby Shark."  Under the terms of that agreement, Defendants continued to reproduce, distribute, perform, display, and use Plaintiffs' "Baby Shark" song and related content – all without the consent of the Monopolis – the true owners.

38.     Defendants never requested or received authorization from the Monopolis to use the Plaintiffs' "Baby Shark" song or to use the "Baby Shark" name in connection with any of their activities, including within the audio and video industries.

39.     All of the uses described above have falsely designated Defendants as the source of the "Baby Song" song and name for various goods and services and have resulted in, or are likely to result in, substantial consumer confusion.

40.     Defendants have received substantial revenues resulting from their unauthorized use of Plaintiffs' "Baby Shark" song and the "Baby Shark" trademark.

## V.     CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

41.     As set forth above in Paragraphs 22 through 27, the "Baby Shark" song is an original work created by the Monopolis no later than 2011.

42.     Plaintiffs are the sole owners of the valid, federally-registered copyright in the "Baby Shark" lyrics and musical composition, U.S. Copyright Registration No. SR 687-007.  Exhibit A.

43.     Defendants Smart Study and Pinkfong intentionally copied the original expression in the Monopolis' "Baby Shark" lyrics and musical composition.  Defendants Smart Study and Pinkfong had access to Plaintiffs' "Baby Shark" song.  Moreover, the unauthorized song is strikingly similar to the Monopolis' original version.

44.     Defendant Sony began similarly infringing Plaintiffs' copyrighted "Baby Shark" song in 2020 after signing an agreement with Defendant Smart Study to engage in publishing activities related, *inter alia*, to the "Baby Shark" song.

45.     Defendants are liable for direct copyright infringement, as well as vicarious and contributory infringement.  Defendant Sony knew or should have known of Defendants Smart Study and Pinkfong's infringement of Plaintiffs' copyright.  Defendant Sony induced or materially contributed to Defendants Smart Study's and Pinkfong's infringement of Plaintiffs' copyright.  Defendant Sony, as Defendants' Smart Study and Pinkfong's "global music partner," had the right and ability to supervise or control the infringing activity.  Defendant Sony has profited directly from Defendants Smart Study and Pinkfong's infringement of Plaintiffs' copyrighted song.

46.     Collectively, Defendants infringed and continue to infringe Plaintiffs' exclusive rights under the Copyright Act by, *inter alia*, reproducing, distributing, performing, displaying, using, or preparing derivative works from Plaintiffs' "Baby Shark" copyrighted song.

47.     Defendants reproduced, distributed, performed, displayed, used, or prepared derivative works from Plaintiffs' "Baby Shark" song without authority from Plaintiffs.

48.     Defendants' infringement was intentional and willful and continues to be intentional and willful.  Defendants knew that reproducing, distributing, performing, displaying, using, or preparing derivative works infringed Plaintiffs'

copyright, or Defendants acted with reckless disregard for, or willful blindness to, Plaintiffs' rights.

49.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered considerable monetary damages, including Defendants' profits, statutory damages and enhanced damages, costs and fees, and any and all other damages to which they are entitled under the Copyright Act.

50.     Plaintiffs have no adequate remedy at law.  Plaintiffs have further suffered irreparable harm, which harm suffered by Plaintiffs continues and will not abate in the future unless and until Defendants are enjoined, thereby entitling Plaintiffs to injunctive relief.

## <u>COUNT II – VIOLATION OF 15 U.S.C. § 1125</u>

51.     As set forth above in Paragraphs 22 through 27, Plaintiffs are the owners of trademark rights in the "Baby Shark" name in connection with various goods and services, including audio and video recordings and related merchandise.

52.     As set forth above in Paragraphs 28 through 39, Defendants have engaged in the unauthorized sale and distribution of competing goods and services in interstate commerce under the Plaintiffs' Baby Shark name, falsely claiming in promotions and advertisements to be the origin of such song and goods and services, thereby causing confusion as to the true source of the Baby Shark goods and services. Defendants knew that the Monopolis were the true origin of the Baby Shark song and of the Baby Shark mark.

53.     Defendants' actions constitute violations of the Lanham Act, 15 U.S.C. § 1125(a).

54.     As a result, Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' damages, and their costs and attorneys' fees under 15 U.S.C. § 1117.

55.     Plaintiffs have no adequate remedy at law.  Plaintiffs have further suffered irreparable harm, which harm suffered by Plaintiffs continues and will not abate in the future unless and until Defendants are enjoined, thereby entitling Plaintiffs to injunctive relief.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

56.     As set forth above in Paragraphs 22 through 27, Plaintiffs have common law trademark rights in the "Baby Shark" name when used in connection with various goods and services, including audio and video recordings and related merchandise.  Plaintiffs have engaged in substantial commerce using the "Baby Shark" mark continuously since 2011 to identify and distinguish Plaintiffs' goods and services.

57.     Without Plaintiffs' consent or authorization, Defendants used and continue to use the "Baby Shark" name in connection with competing goods and services.  Defendants' use of the "Baby Shark" name is likely to cause confusion in the minds of reasonably prudent consumers as to the source of the goods and services in question. Such infringements also constitute passing off and unfair competition.

As a result, Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' damages, punitive damages, and their costs and attorneys' fees.

58.     Plaintiffs have no adequate remedy at law.   Plaintiffs have further suffered irreparable harm, which harm suffered by Plaintiffs continues and will not abate in the future unless and until Defendants are enjoined, thereby entitling Plaintiffs to injunctive relief.

## VI.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1.     A judgment that:

   (a)     Defendants have violated the Copyright Act;

   (b)     Defendants have violated the Lanham Act;

   (c)     Defendants have infringed Plaintiffs' common law trademark rights;

   (d)     Defendants' infringements have been intentional, willful, and unreasonable;

   (e)     Enters a preliminary and thereafter permanent injunction against Defendants and anyone working in concert with them from reproducing, distributing, performing, displaying, using, or preparing derivative works from Plaintiffs' "Baby Shark"

song or that uses the "Baby Shark" name in connection with any related goods or services;

(f)     Awards to Plaintiffs their actual damages and all profits attributable to Defendants' infringements or other monetary damages, including statutory damages and enhanced damages, available under the Copyright Act, including 17 U.S.C. § 504(c), and the Lanham Act, including 15 U.S.C. § 1117;

(g)     Cancels all U.S. Baby Shark-related trademarks and copyrights filed by Defendants, including but not limited to U.S. Trademark Registration Numbers 4,515,238; 5,803,108; 6,021,523; 6,337,210; 6,343,519; and 6,488,471, and U.S. Copyright Number SR 823-609, in view of the Plaintiffs' prior trademark and copyright rights;

(h)     Awards to Plaintiffs' reasonable costs and attorney fees, including costs and attorney fees pursuant to 17 U.S.C. §§ 501, 504, and 505 and/or 15 U.S.C. § 1117;

(i)     Awards to Plaintiffs all recoverable prejudgment and post judgment interest; and

      (j)     Awards to Plaintiffs such other and further relief the Court

deems just and proper, including punitive damages.

## X.   **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

respectfully demand a trial by jury of all issues so triable.

Respectfully submitted, this 10th day of January, 2022.


              KAY GRIFFIN, PLLC


              s/ John J. Griffin, Jr.
              John J. Griffin, Jr.
               (#15446)
              Michael A. Johnson
               (#30210)
              222 Second Ave. North,
               Suite 340M
              Nashville, Tennessee
               37201
              (615) 742-4800
              jgriffin@kaygriffin.com
              mjohnson@kaygriffin.com

OF COUNSEL:

s/ John C. Herman
_____

John C. Herman
  (Ga. Bar No. 348370)
HERMAN JONES LLP
3424 Peachtree Road, N.E., Suite 1650
Atlanta, Georgia 30326
Telephone: (404) 504-6500
Facsimile: (404) 504-6501
jherman@hermanjones.com

Counsel for Plaintiffs

- Pro hac vice papers forthcoming